UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

TEN SEVENTY ONE HOME CORP.
and MORTON G. YUTER,

                  Plaintiffs-Respondents,

    -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                  Defendant-Petitioner.

JOSH NEUSTEIN, LEONARD
W. HUTCHINGS, and JUDY HUTCHINGS.

                  Defendants.
---------------------------------------------------------x

Civil Action No. 1 1 2 1 1

**NOTICE OF REMOVAL**

**M A D A M S/S I R S:**

        Defendant-Petitioner LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, respectfully alleges as follows:

        1.    On or about November 21, 2007, Liberty Mutual was served with a Summons and Verified Complaint in an action entitled The Seventy One Home Corp. and Morton G. Yuter v. Liberty Mutual Fire Insurance Company, Josh Neustein, Leonard W. Hutchings, and Judy Hutchings, Index No. 301992/07, which was commenced on October 18, 2003 in the Supreme Court of the State of New York, County of Bronx.

        2.    The Verified Complaint asserts three causes of action under two insurance policies allegedly issued by Liberty Mutual, pursuant to which plaintiffs seek insurance coverage for the action entitled Leonard W. Hutchings and Judy Hutchings v.

1

Morton G. Yuter, Josh Neustein, and Ten Seventy One Home Corp., Index No. 16037/05, which was also commenced in the Supreme Court of the State of New York, County of Bronx (the "Underlying Action"). In the first cause of action, plaintiffs seek a declaratory judgment that Liberty Mutual owes a defense and indemnity to plaintiff TEN SEVENTY ONE HOME CORP. ("Ten Seventy") for the Underlying Action. In the second cause of action, plaintiffs seek a declaratory judgment that Liberty Mutual owes a defense and indemnity to plaintiff MORTON G. YUTER ("Yuter") for the Underlying Action. In the third cause of action, plaintiffs allege mutual mistake, and seek reformation of the insurance policies to cover them as insureds. A copy of the Summons and Verified Complaint is annexed hereto as Exhibit "1".

3.      The Notice of Removal is being filed by Liberty Mutual within thirty (30) days of the service of the Summons and Verified Complaint and is timely filed pursuant to 28 U.S.C. § 1441, 1446.

4.      Liberty Mutual's time to move, answer, or otherwise respond to the Complaint has not expired.

5.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 and plaintiffs and Liberty Mutual are citizens of different states.

6.      Upon information and belief, at all relevant times, Ten Seventy was, and still is, a corporation duly organized under the laws of the State of New York, with its principal place of business located at 3641 Johnson Avenue, Bronx, New York.

2

7.      Upon information and belief, at all relevant times, Yuter was, and still is, a citizen of the State of New York, residing at 5 Dover Avenue, Garden City, New York.

8.      At all relevant times, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

9.      The remaining defendants' citizenship is irrelevant for removal purposes.  No relief is sought in the Verified Complaint as against any defendant other than Liberty Mutual.  The other defendants were fraudulently joined to this case as defendants to prevent Liberty Mutual from exercising its right of removal.

10.     For example, upon information and belief, defendant JOSH NEUSTEIN is the Chief Executive Officer and a principal of Ten Seventy.

11.     However, for purposes of complying with Local Civil Rule, Liberty Mutual states that, upon information and belief, (1) defendant JOSH NEUSTEIN is a citizen of the State of New York, residing at 3001 Arlington Avenue, Bronx, New York; and (2) defendants LEONARD W. HUTCHINGS and JUDY HUTCHINGS are citizens of the State of New York, residing at 161 Benefield, Peekskill, New York.  Liberty Mutual is unaware of whether any of these defendants were ever served with the Summons and Verified Complaint.

12.     Written notice of the filing of the Notice of Removal shall be given to adverse parties, and Liberty Mutual shall file the notice with the Clerk of the Supreme

3

Court of the State of New York, County of Bronx, as required by law.

      13.    Liberty Mutual has not answered, moved, or otherwise responded to the Complaint, and no other proceedings have occurred heretofore in this action.

      14.    No previous application for the relief requested herein has heretofore been made.

      **WHEREFORE,** defendant-petitioner LIBERTY MUTUAL FIRE INSURANCE COMPANY respectfully requests that this action be removed to this Court.

Dated: New York, New York
       December 11, 2007

               Yours, etc.,

               JAFFE & ASHER LLP

               By: _____
                  Marshall T. Potashner (MTP-3552)
               Attorneys for Defendant-Petitioner
               LIBERTY MUTUAL FIRE INSURANCE
               COMPANY
               600 Third Avenue, 9th Floor
               New York, New York 10016
               (212) 687-3000

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
TEN SEVENTY ONE HOME CORP.,
and MORTON G. YUTER,

                              Plaintiffs,

            -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
JOSH NEUSTEIN, LEONARD W. HUTCHINGS,
and JUDY HUTCHINGS,

                              Defendants.
------------------------------------------X

__SUMMONS__

Index No. 301992/07

Dated Purchased: 10/18/07

Plaintiff designates
Bronx County as the
place of trial.
Basis of Venue:
Defendant's residence.

## TO THE ABOVE-NAMED DEFENDANTS

YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve copies of your answer upon the undersigned attorneys for the plaintiffs within twenty (20) days after the service of this summons and complaint, exclusive of the date of service, or within thirty (30) days after service is completed  if service is made by any method other than personal delivery to you within the State Of New York; and in case of your failure to appear and answer, judgment will be taken against you by default for the relief demanded in the complaint.  Plaintiff designates Bronx County as the place of trial.  Basis of venue: County in which defendant Josh Neustein resides, 3001 Arlington Avenue, Bronx, New York 10463.

Dated: Elmsford, New York
       October 17, 2007

*Yours, Etc.,*
Law Offices of Pillinger, Miller Tarallo, LLP

By:
    C. William Yanuck, Esq.
    Attorneys for Plaintiffs
    TEN SEVENTY ONE HOME CORP.
    and MORTON G. YUTER
    570 Taxter Road, Suite 275
    Elmsford, NY 10523
    (914)703-6300
    Our file: HC-00103.1/CWY

To:    See Attached Rider

07 OCT 18 PM 3:02
COUNTY CLERK
BRONX COUNTY

RECEIVED
BRONX COUNTY CLERK'S OFFICE

OCT 18 2007

NO FEE

PAID

<u>RIDER</u>

<u>Defendants' Addresses For Service:</u>

LIBERTY MUTUAL FIRE INSURANCE COMPANY
175 Berkeley Street
Boston, Massachusetts 02117

JOSH NEUSTEIN
3001 Arlington Avenue
Bronx, New York 10463

LEONARD W. HUTCHINGS
161 Benefield Boulevard
Peekskill, New York 10566

JUDY HUTCHINGS
161 Benefield Boulevard
Peekskill, New York 10566

- 2 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------X
TEN SEVENTY ONE HOME CORP.
and MORTON G. YUTER,

                              Plaintiffs,

            -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
JOSH NEUSTEIN, LEONARD W. HUTCHINGS, and
JUDY HUTCHINGS,
                              Defendants.
---------------------------------------X

VERIFIED COMPLAINT

Index No. 301992/07

Dated Purchased: 10/18/07

Plaintiff    designates
Bronx   County   as   the
place of trial.
Basis of Venue:
Defendant's residence.


        Plaintiffs, TEN SEVENTY ONE HOME CORP. and MORTON G. YUTER,

by their attorneys, Pillinger Miller Tarallo, LLP, complaining of

the defendants, respectfully allege upon information and belief as

follows:

### AS AND FOR A FIRST CAUSE OF ACTION

        1.    That plaintiff TEN SEVENTY ONE HOME CORP. is and at all

times   hereinafter   mentioned   was   a   domestic   corporation   duly

organized and existing under and by virtue of the laws of the State

of New York.

        2.    That plaintiff MORTON G. YUTER is and at all times

hereinafter mentioned was a natural person residing in Nassau

County in the State of New York

        3.    Upon information and belief, that defendant LIBERTY

MUTUAL FIRE INSURANCE COMPANY (hereinafter "LIBERTY MUTUAL") is and

at all times hereinafter mentioned was a foreign mutual property

- 3 -

and casualty insurance company, duly organized and existing under and by virtue of the Laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

4. Upon information and belief, that defendant LIBERTY MUTUAL is and at all times hereinafter mentioned was a foreign business entity, duly organized and existing under and by virtue of the Laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

5. Upon information and belief, that defendant LIBERTY MUTUAL is and at all times hereinafter mentioned was authorized to do business and/or was doing business, and/or transacting business, and/or soliciting business, and/or providing services in the State of New York.

6. Upon information and belief, defendant JOSH NEUSTEIN is an at all times hereinafter was a natural person residing at 3001 Arlington Avenue, Bronx, New York 10463.

7. Upon information and belief, defendants LEONARD W. HUTCHINGS and JUDY HUTCHINGS (hereinafter "HUTCHINGS") are and at all times hereinafter mentioned were natural persons residing in the State of New York.

8. That plaintiff TEN SEVENTY ONE HOME CORP. is and at all times hereinafter mentioned was the owner of the property and structure at 3001 Arlington Avenue, Bronx, New York 10463.

- 4 -

9. That defendant JOSH NEUSTEIN is and at all times hereinafter mentioned was the sole shareholder and president of plaintiff TEN SEVENTY ONE HOME CORP.

10. This action arises out of transactions or occurrences in the State of New York.

11. Upon information and belief, that prior hereto defendants HUTCHINGS commenced an action as plaintiffs in the Supreme Court, Bronx County, by the purchase of index number 16037/05, and the filing of a Summons and Verified Complaint on or about May 25, 2005, naming MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP. as defendants. Annexed hereto as Exhibit "A" and made a part hereof is a copy of the aforesaid Summons and Verified Complaint.

12. Upon information and belief, that the aforesaid action is presently being prosecuted in the Supreme Court, Bronx County, under index number 29494/02 by virtue of an Order of consolidation (hereinafter "Underlying Action").

13. That it is alleged in the Verified Complaint bearing index number 16037/05, without admitting the truth thereof, that on June 14, 2002, while defendant LEONARD W. HUTCHINGS was allegedly lawfully on the premises of the residence at 3001 Arlington Avenue, Bronx, New York, he was caused to be injured when an overhead garage door closed and struck him about the head, neck and body

- 5 -

allegedly as a result-of the negligence of the defendants named in said action.

14.  That on June 14, 2002, plaintiff MORTON G. YUTER was lawfully on the premises of the residence at 3001 Arlington Avenue, Bronx, New York, and present and acting with the knowledge, permission and consent of plaintiff TEN SEVENTY ONE HOME CORP.

15.  That on June 14, 2002, plaintiff MORTON G. YUTER was lawfully on the premises of the residence at 3001 Arlington Avenue, Bronx, New York, and present and acting with the knowledge, permission and consent of defendant JOSH NEUSTEIN.

16.  Upon information and belief, that prior hereto defendant LIBERTY MUTUAL issued policies of insurance that provided insurance coverage for bodily injury occurring on the premises at 3001 Arlington Avenue, Bronx, New York 10463, which policies were in full force and effect on June 14, 2002.

17.  Upon information and belief, that prior hereto defendant LIBERTY MUTUAL issued policies of insurance bearing policy numbers H32 221 376600-001 and LJ1 221 4394060 that provided insurance coverage for bodily injury occurring on the premises at 3001 Arlington Avenue, Bronx, New York 10463, which policies were in full force and effect on June 14, 2002.

18.  That on or about June 10, 2005, plaintiff TEN SEVENTY ONE HOME CORP. duly demanded insurance coverage, defense and indemnification from defendant LIBERTY MUTUAL for the claims made

in the lawsuit brought by defendants HUTCHINGS in the Supreme
Court, Bronx County, bearing index number 16037/05.

19.  That on or about July 11, 2005, defendant LIBERTY
MUTUAL disclaimed coverage for plaintiff TEN SEVENTY ONE HOME CORP.
on the ground that TEN SEVENTY ONE HOME CORP. was allegedly not a
named insured or defined as an insured under the aforesaid policies
of insurance.  A copy of the disclaimer letter is annexed hereto as
Exhibit "B".

20.  That defendant LIBERTY MUTUAL disclaimed coverage
without basis in fact and/or law and has failed and/or refused to
defend and/or indemnify plaintiff TEN SEVENTY ONE HOME CORP. in the
Underlying Action.

21.  That the failure and/or refusal by defendant LIBERTY
MUTUAL to defend and/or indemnify plaintiff TEN SEVENTY ONE HOME
CORP. in the Underlying Action was wrongful, willful and in breach
of the terms and conditions of the aforesaid policies of insurance.

22.  That by reason of the foregoing, plaintiff TEN SEVENTY
ONE HOME CORP. has been damaged and continues to be damaged to the
extent of all of its costs and attorneys' fees in the defense of
the Underlying Action, and may be damaged in the amount of any
verdict, judgment or settlement that may be recovered against
plaintiff TEN SEVENTY ONE HOME CORP. in said Underlying Action,
together with interest, and the costs, disbursements and attorneys'
fees of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

23.   That plaintiffs repeat, reiterate and reallege each and every allegation in the paragraphs of the Verified Complaint designated "1" through "22", inclusive, with the same force and effect as if fully set forth herein at length.

24.   That on or about June 10, 2005, plaintiff MORTON G. YUTER duly demanded insurance coverage, defense and indemnification from defendant LIBERTY MUTUAL for the claims made in the lawsuit brought by defendant HUTCHINGS in the Supreme Court, Bronx County, bearing index number 16037/05.

25.   That on or about July 11, 2005, defendant LIBERTY MUTUAL disclaimed coverage for plaintiff MORTON G. YUTER on the ground that MORTON G. YUTER was allegedly not a named insured or defined as an insured under the aforesaid policies of insurance. A copy of the disclaimer letter is annexed hereto as Exhibit "C".

26.   That defendant LIBERTY MUTUAL disclaimed coverage without basis in fact and/or law and has failed and/or refused to defend and/or indemnify plaintiff MORTON G. YUTER in the Underlying Action.

27.   That the failure and/or refusal by defendant LIBERTY MUTUAL to defend and/or indemnify plaintiff MORTON G. YUTER in the Underlying Action was wrongful, willful and in breach of the terms and conditions of the aforesaid policies of insurance.

- 8 -

28. That by reason of the foregoing, plaintiff MORTON G. YUTER has been damaged and continues to be damaged to the extent of all of his costs and attorneys' fees in the defense of the Underlying Action, and may be damaged in the amount of any verdict, judgment or settlement that may be recovered against plaintiff MORTON G. YUTER in said Underlying Action, together with interest, and the costs, disbursements and attorneys' fees of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

29. That plaintiffs repeat, reiterate and reallege each and every allegation in the paragraphs of the Verified Complaint designated "1" through "28", inclusive, with the same force and effect as if fully set forth herein at length.

30. That through the mutual mistake of plaintiff TEN SEVENTY ONE HOME CORP. and defendant LIBERTY MUTUAL, the ownership of the property and structure at 3001 Arlington Avenue, Bronx, New York was mis-described on the policies of insurance issued by defendant LIBERTY MUTUAL, and said policies should be reformed to state that plaintiff TEN SEVENTY ONE HOME CORP. was the owner of the property and structure during the policy period including June 14, 2002.

31. That the intent of the policies of insurance as written by defendant LIBERTY MUTUAL was to provide insurance coverage, defense and indemnification for the owner of the property and structure at 3001 Arlington Avenue, Bronx, New York, plaintiff TEN

- 9 -

SEVENTY ONE HOME CORP., and for those lawfully on the premises of the residence, and present and acting with the permission and consent of plaintiff TEN SEVENTY ONE HOME CORP., including plaintiff MORTON G. YUTER.

32.   That by reason of the foregoing, the aforesaid policies of insurance must be reformed to add plaintiff TEN SEVENTY ONE HOME CORP. as a named insured, and upon such reformation of the policies, that it be adjudged and decreed that defendant LIBERTY MUTUAL shall defend and indemnify plaintiffs TEN SEVENTY ONE HOME CORP. and MORTON G. YUTER in the Underlying Action pending in the Supreme Court, Bronx County.

WHEREFORE, plaintiffs TEN SEVENTY ONE HOME CORP. and MORTON G. YUTER demand that this Court determine, adjudge and decree, pursuant to CPLR Section 3001, that defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY in the first cause of action is liable to provide insurance coverage, defense and indemnification to plaintiff TEN SEVENTY ONE HOME CORP. in the Underlying Action pending in the Supreme Court, Bronx County, presently bearing index number 29494/02 to the full extent of its policy limits; and that defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY in the second cause of action is liable to provide insurance coverage, defense and indemnification to plaintiff MORTON G. YUTER in the Underlying Action pending in the Supreme Court, Bronx County, presently bearing index number 29494/02, to the full extent of its policy

- 10 -

—limits; and in the third cause of action that this Court determine, adjudge and decree, pursuant to CPLR Section 3001, that the policies of insurance issued by defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY be reformed to include TEN SEVENTY ONE HOME CORP. as a named insured, and that upon such reformation that defendant LIBERTY MUTUAL shall provide insurance coverage, defense and indemnification to plaintiffs TEN SEVENTY ONE HOME CORP. and MORTON G. YUTER in the Underlying Action pending in the Supreme Court, Bronx County, presently bearing index number 29494/02, to the full extent of its policy limits; all causes of action together with interest, and the costs, disbursements and attorneys' fees of this action.

Dated:  Elmsford, New York
        October 17, 2007

                        Yours, etc.,

                        PILLINGER MILLER TARALLO, LLP
                        Attorneys for Plaintiffs
                        Ten Seventy One Home Corp. and
                        Morton G. Yuter
                        570 Taxter Road
                        Suite 275
                        Elmsford, New York 10523
                        (914) 703-6300
                        Our File No.  HC-00103.1/CWY

- 11 -

EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
---------------------------------------------------------------X

LEONARD W. HUTCHINGS and JUDY HUTCHINGS,

Index No.: 18037/05
Date Filed: 5/25/05

                                        Plaintiffs,

Plaintiff designates Bronx County
as the place of trial

                    -against-

The basis of the venue is
Defendant's residence

MORTON G. YUTER, JOSH NEUSTEIN and TEN
SEVENTY ONE HOME CORP.,

**SUMMONS**

                                        Defendants.
---------------------------------------------------------------X

To the above named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorneys LAW OFFICES OF DANIEL CHAVEZ within 20 days after
the service of this summons, exclusive of the day of service (or within 30 days after the service is
complete if the summons is not personally delivered to you within the State of New York); and in
the case of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

Dated: Bronx, New York
       May 19, 2005

                                        Yours, etc.,

                                        LAW OFFICES OF DANIEL CHAVEZ
                                        *Attorneys for Plaintiff*
                                        704 East Tremont Avenue
                                        Bronx, New York 10457
                                        (718) 294-4030

Defendants' Addresses:
TO:    MORTON G. YUTER
       5 Dover Avenue
       Garden City, New York 11530-1305

       JOSH NEUSTEIN                     TEN SEVENTY ONE HOME CORP.
       3001 Arlington Avenue             3641 Johnson Avenue
       Bronx, New York 10463             Bronx, New York 10463

*14808*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
--------------------------------------------------------------X

LEONARD W. HUTCHINGS and JUDY HUTCHINGS,

                              Plaintiffs,                          VERIFIED COMPLAINT

                    -against-                                      Index Number:
                                                                   Date Filed:
MORTON G. YUTER, JOSH NEUSTEIN and TEN
SEVENTY ONE HOME CORP.,

                              Defendants.
--------------------------------------------------------------X

    Plaintiff, by his attorneys, LAW OFFICES OF DANIEL CHAVEZ complaining of the

defendants, MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP.

alleges upon information and belief as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

    1.     That at all times stated herein, plaintiffs LEONARD W. HUTCHINGS and JUDY

HUTCHINGS were and are residents of the Town of Peekskill, County of Westchester, State of New

York.

    2.     That at all times stated herein, defendant MORTON G. YUTER was and is a resident

of the Town of Garden City, County of Nassau, State of New York.

    3.     That at all times stated herein, defendant JOSH NEUSTEIN was and is a resident of

the County of the Bronx, City and State of New York.

    4.     That at all times stated herein, defendant, TEN SEVENTY ONE HOME CORP., was

and is a domestic corporation, organized and existing under and by virtue of the laws of the State of

New York, and maintains its principal office in the County of the Bronx, City and State of New

York.

5.      That at all times stated herein, defendant JOSH NEUSTEIN, was the owner of a building and property known as and located at 3001 Arlington Avenue, Bronx, New York

6.      That at all times stated herein, defendant JOSH NEUSTEIN, his agents, servants and/or employees operated the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York

7.      That at all times stated herein, defendant JOSH NEUSTEIN, his agents, servants and/or employees managed the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York.

8.      That at all times stated herein, defendant JOSH NEUSTEIN, his agents, servants and/or employees maintained the aforesaid property and building at 3001 Arlington Avenue, Bronx, New York.

9.      That at all times stated herein, defendant JOSH NEUSTEIN, his agents, servants and/or employees controlled the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York.

10.     That at all times stated herein, defendant TEN SEVENTY ONE HOME CORP., was the owner of a building and property known as and located at 3001 Arlington Avenue, Bronx, New York.

11.     That at all times stated herein, defendant TEN SEVENTY ONE HOME CORP., its agents, servants and/or employees operated the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York.

12.     That at all times stated herein, defendant TEN SEVENTY ONE HOME CORP., its agents, servants and/or employees managed the aforesaid property and building located at 3001

2

Arlington Avenue, Bronx, New York.

13.    That at all times stated herein, defendant TEN SEVENTY ONE HOME CORP., its agents, servants and/or employees maintained the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York.

14.    That at all times stated herein, defendant TEN SEVENTY ONE HOME CORP., its agents, servants and/or employees controlled the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York.

15.    That at all times stated herein, defendant MORTON G. YUTER operated the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York with the permission and consent, express or implied, of its owner(s), defendants JOSH NEUSTEIN and/or TEN SEVENTY ONE HOME CORP.

16.    That at all times stated herein, defendant MORTON G. YUTER managed the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York with the permission and consent, express or implied, of its owner(s), defendants JOSH NEUSTEIN and/or TEN SEVENTY ONE HOME CORP.

17.    That at all times stated herein, defendant MORTON G. YUTER maintained the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York with the permission and consent, express or implied, of its owner(s), defendants JOSH NEUSTEIN and/or TEN SEVENTY ONE HOME CORP.

18.    That at all times stated herein, defendant MORTON G. YUTER controlled the aforesaid property and building located at 3001 Arlington Avenue, Bronx, New York with the permission and consent, express or implied, of its owner(s), defendants JOSH NEUSTEIN and/or

3

TEN SEVENTY ONE HOME CORP.

19.    That at all times stated herein, defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP. had a duty    to properly maintain said property and building and to keep said building and all of its appurtenances in a reasonably safe condition.

20.    That at all times stated herein, the defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP., their agents, servants and/or employees breached their duty to maintain said property and building and all of its appurtenances in a reasonably safe condition.

21.    That at all times stated herein, the plaintiff LEONARD W. HUTCHINGS was lawfully and legally upon said property and building.

22    That on June 14, 2002, while lawfully upon said property and building premises, plaintiff LEONARD W. HUTCHINGS was caused to sustain serious and severe personal injuries as a result of the negligence of the defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP., their agents, servants and/or employees.

23.    That at all times stated herein, defendant MORTON G. YUTER was an agent, servant and/or employee of defendant(s) JOSH NEUSTEIN and/or TEN SEVENTY ONE HOME CORP.

24.    That at all times stated herein, defendant MORTON G. YUTER had actual and/or apparent authority to open and close the overhead garage door attached to the building and premises located at 3001 Arlington Avenue, Bronx, New York, as stated herein.

25.    That at all times stated herein, defendant MORTON G. YUTER was acting within the scope of his employment, as described herein.

26.    That at all times stated herein, the defendant MORTON G. YUTER was acting within

4

the scope of his agency, as described herein.

27.    That on June 14, 2002, while the plaintiff LEONARD W. HUTCHINGS was lawfully and legally upon the aforesaid premises, defendant MORTON G. YUTER did cause the overhead garage door located at said premises to close and thereby strike plaintiff LEONARD W. HUTCHINGS about the head, neck and body, causing serious, severe and permanent injuries.

28.    That the limitations set forth in CPLR Section 1601 do not apply by reason of one or more of the exceptions of CPLR Section 1602.

29.    That the defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP., their agents, servants and/or employees were careless, reckless and negligent in the ownership, operation, management, maintenance and control of said premises in that the occurrence was caused as a result of the negligence and carelessness of the defendants, their agents, servants and/or employees which negligence and carelessness consisted, *inter alia*, of the following: The defendants were negligent in the maintenance, ownership, management and control of the aforesaid premises and more particularly, 3001 Arlington Avenue, in the County of the Bronx, City and State of New York; in causing the overhead garage door located at said premises to close and thereby strike plaintiff LEONARD W. HUTCHINGS about the head, neck and body; in failing to look or in failing to look carefully before causing said overhead garage door to close; in failing to see what was there to be seen; in failing to warn plaintiff LEONARD W. HUTCHINGS of impending danger; in failing to train or to train properly any agent, servant and/or employee including, but not limited to, defendant MORTON G. YUTER, in the safe and proper operation of said overhead garage door; in negligently hiring and retaining any agent, servant and/or employee including, but not limited to, defendant MORTON G. YUTER; in negligently entrusting said

5

building and premises to any agent, servant and/or employee who was not trained or not trained properly in the use, operation and control of the subject overhead garage door; in delegating a non-delegable duty; in improperly, carelessly, negligently and recklessly delegating a task to an agent, servant and/or employee who was not trained or not trained properly in the use, operation and control of the subject overhead garage door; in failing to provide a safe place to work; in violating the Labor Laws of the State of New York including, but not limited to, Sections 200, 240(1) and 241(6); in violating the Industrial Code of the State of New York; in violating the rules and regulations of OSHA governing the work being performed upon the premises herein; in violating other applicable rules, regulations, codes, statutes, laws and regulations; in undertaking a duty of care and breaching said duty; in directing plaintiff LEONARD W. HUTCHINGS to proceed to a place of danger; in placing plaintiff LEONARD W. HUTCHINGS in peril; in failing to warn plaintiff LEONARD W. HUTCHINGS of said peril; in causing plaintiff LEONARD W. HUTCHINGS to be placed in a position of danger; in abandoning plaintiff LEONARD W. HUTCHINGS; in failing to keep and maintain said premises in a safe, proper and lawful condition; in causing, permitting and allowing the aforesaid premises to be, become and remain in a dangerous, defective and hazardous condition representing a danger, menace and nuisance to persons lawfully and properly upon the aforesaid premises; in carelessly and negligently failing to have said premises maintained in a proper, safe and lawful condition; in carelessly and negligently failing to have the aforesaid dangerous and hazardous condition properly marked, roped, barricaded and delineated; in carelessly and negligently failing to warn the plaintiff of the dangerous and hazardous condition that existed at the aforesaid location; in failing to take proper steps to apprise the plaintiff and others lawfully upon said premises of the aforesaid dangerous and hazardous condition; in causing, permitting and allowing the aforesaid

6

dangerous and hazardous condition to become and remain at the aforesaid premises; in creating the aforesaid dangerous and hazardous condition; in failing to take proper steps to remedy the aforesaid dangerous and hazardous condition; in carelessly and negligently managing, maintaining and controlling the aforesaid premises and more particularly, 3001 Arlington Avenue, in the County of the Bronx, City and State of New York, which was used by persons lawfully upon said premises; in failing to take proper steps to prevent the happening of the occurrence; in failing to set up proper barriers and safeguards; in causing the aforesaid condition to be a danger to life and limb; in failing to correct the aforesaid dangerous and hazardous condition; in causing, permitting and allowing the dangerous, hazardous and defective condition to exist for an unreasonable period of time, when the defendant knew, or through the exercise of reasonable care, should have known of the existence of the dangerous, hazardous and defective condition; and in otherwise failing to take such necessary and reasonable precautions to avoid the happening of said occurrence. The defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP., their agents, servants and/or employees, were otherwise careless, reckless and negligent under the circumstances then and there existing. In addition to the foregoing, plaintiff reserves the right to rely on the doctrine res ipsa loquitur.

32.    That the foregoing occurrence was caused solely and wholly as a result of the negligence of the defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP., their agents, servants, and/or employees, without any negligence on the part of the plaintiff contributing thereto.

33.    That as a result of the foregoing, plaintiff LEONARD W. HUTCHINGS sustained serious, severe and permanent personal injuries and was rendered sick, sore, lame, and disabled;

7

plaintiff LEONARD W. HUTCHINGS, was caused to suffer great pain, discomfort, and disability and, upon information and belief, will continue to suffer pain, discomfort, and disability in the future; plaintiff LEONARD W. HUTCHINGS was caused to undergo hospital and medical care, aid and attention, and upon information and belief, may continue to require to undergo medical care, aid and attention for a long period of time to come in the future; plaintiff was obliged to expend and incur large sums of monies for medical care, aid and attention and, upon information and belief, will continue to be obliged to expend and incur large sums of monies for future medical care, aid and attention; plaintiff LEONARD W. HUTCHINGS, was caused to become incapacitated from his usual vocation and avocation, and upon information and belief, may continue to be caused to remain away from his usual vocation and avocation for a long period of time to come in the future.

34.     That as a result of the foregoing, plaintiff LEONARD W. HUTCHINGS has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

35.     Plaintiffs repeat, reiterate and reallege each and every paragraph of the complaint numbered "1" through "34" with the same force and effect as if fully set forth at length herein

36.     That at all times stated herein, plaintiff JUDY HUTCHINGS was and still is the wife of plaintiff LEONARD W. HUTCHINGS and was entitled to and did receive the services and society of her said husband.

37.     That by reason of the aforesaid, plaintiff JUDY HUTCHINGS has been deprived of the support, services, love, companionship, affection and society of her said husband and has been compelled to expend money and incur obligations for physicians services, medical expenses, hospital

8

expenses and for the care and treatment for the injuries sustained by plaintiff LEONARD W. HUTCHINGS.

38.    : That the foregoing occurrence was caused solely and wholly as a result of the negligence of the defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP., their agents, servants, and/or employees, without any negligence on the part of the plaintiffs contributing thereto.

39.    That as a result of the foregoing, plaintiff JUDY HUTCHINGS has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff LEONARD W. HUTCHINGS demands a money judgment against the defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP. on the first cause of action; plaintiff JUDY HUTCHINGS demands a money judgment against the defendants MORTON G. YUTER, JOSH NEUSTEIN and TEN SEVENTY ONE HOME CORP. on the second cause of action; together with the costs and disbursements of this action.

Dated: Bronx, New York
          May 19, 2005

Yours, etc.

LAW OFFICES OF DANIEL CHAVEZ
*Attorneys for Plaintiff*
704 East Tremont Avenue
Bronx, New York 10457
(718) 294-4030

9

## ATTORNEY'S VERIFICATION

Daniel Chavez, an attorney duly admitted to practice law before the Courts of the State of New York affirms the truth of the following under penalties of perjury:

I am associated with the law firm of LAW OFFICES OF DANIEL CHAVEZ, attorneys for Plaintiff in the within action; I have read the foregoing Summons & Verified Complaint and know the contents thereof; the same is true to my own knowledge except as to those matters said to be upon information and belief and as to these matters I believe them to be true.

This affirmation is submitted by the undersigned because the Plaintiff is not in the county where I maintain my office.

Dated: Bronx, New York
    May 19, 2005

Daniel Chavez

EXHIBIT "B"



JUL 13 2005

Liberty Mutual Group

CLAIMS DEPARTMENT
80 Grasslands Road
Elmsford, NY 10523
914-785-0180

July 11, 2005                    Certified Mail RRR

1071 Home Owner Corporation
c/o Josh Neustein
3001 Arlington Avenue
Bronx, NY 10463

RE: Claim #:          LH 203 3190468-01
                      Josh Neustein
    Date of Loss:     January 3, 2003
    Policy Number:    H32 221 376600-001
                      LJ1 221 439406-00
    Plaintiff:        Leonard Hutchings

Dear Mr. Neustein,

We have received the Summons and Complaint instituting an action against 1071 Home
Corporation in the Supreme Court, Bronx County. The complaint seeks to recover
damages from 1071 Home Corporation allegedly from an incident on January 3, 2003.

We have researched Josh Neustein's policies with Liberty Mutual and have determined
that 1071 Home Corporation is not a named insured. An insured is defined in the
policies as "you and residents of your household..." Mr. Neustein is referred to as "you"
and the named insured.

Based on the fact that 1071 is not defined as an insured, Liberty Mutual is unable to
respond on your behalf to this lawsuit. Liberty Mutual cannot and will not defend or
indemnify 1071 Home Corporation or take any further action in it's behalf. In view of
this, we suggest that 1071 Home Corporation retain it's own attorney to protect it and it's
rights in this matter. Any further activity will be solely 1071 Home Corporation's
responsibility.

Sincerely,

Celeste Morabito
Claims Department/Liberty Mutual Insurance

Helping People Live Safer, More Secure Lives

EXHIBIT "C"


Liberty Mutual.

Liberty Mutual Group

CLAIMS DEPARTMENT
801 Crossroads Road
Brasford, NY 10525
914 785-0100

July 11, 2005                          Certified Mail RRR

                                                                JUL 13 205

Morton Yuter
5 Dover Avenue
Garden City , NY 11530

RE: Claim #:          LH 203 3190468-01
                      Josh Neustein
    Date of Loss:     January 3, 2003
    Policy Number:    H32 221 376600-001
                      LJ1 221 439406-00
    Plaintiff:        Leonard Hutchings

Dear Mr. Yuter,

We have received the Summons and Complaint instituting an action against you in the
Supreme Court, Bronx County. The complaint seeks to recover damages from you
allegedly from an incident on January 3, 2003.

We have researched Josh Neustein's policies with Liberty Mutual and have determined
that you are not a named insured. An insured is defined in the policies as "you and
residents of your household..." Mr. Neustein is referred to as "you" and the named
insured.

Based on the fact that you are not defined as an insured, Liberty Mutual is unable to
respond on your behalf to this lawsuit. Liberty Mutual cannot and will not defend or
indemnify you or take any further action in your behalf. In view of this, we suggest that
you retain your own attorney to protect you and your rights in this matter. Any further
activity will be solely your responsibility.

Sincerely,
C Mabou
Celeste Morabito
Claims Department/Liberty Mutual Insurance

10/18/2007  14:23    19147036688                    PMT                      PAGE  02/14

## VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF BRONX        )

JOSH NEUSTEIN, being duly sworn deposes and says:

1. That deponent is the President of Ten Seventy One Home Corp. one of the plaintiffs in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true. The reason why this verification is made by deponent is that deponent is the President of Ten Seventy One Home Corp. which is a New York State corporation, and deponent is familiar with the facts and circumstances herein.

2. The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows: records of the corporation.

JOSH NEUSTEIN, President

Sworn to before me this
of October ——, 2007

NOTARY PUBLIC

MIRIAM NEUSTEIN
Commissioner of Deeds
City of New York No. 3-2036
Commission expires Nov. 1, 20 O P

. INDEX NO. 301992/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

TEN SEVENTY ONE HOME CORP. and MORTON G. YUTER,

                          Plaintiffs,

          -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,  JOSH NEUSTEIN, LEONARD W.
HUTCHINGS, and JUDY HUTCHINGS,

                          Defendants.

SUMMONS AND VERIFIED COMPLAINT

PILLINGER MILLER TARALLO, LLP
Attorneys for Plaintiffs
Ten Seventy One Home Corp., and Morton G. Yuter
570 Taxter Road, Suite 275
Elmsford, New York 10523
(914) 703-6300
HC-00103.1/CWY

CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

C. WILLIAM YANUCK hereby certifies that, pursuant to 22 N.Y.C.R.R./§130-1.1a, the foregoing Summons
and Verified Complaint are not frivolous nor frivolously presented.

Dated:      Elmsford, New York
            October 17, 2007                          C/WILLIAM YANUCK

NOTICE                                                           PLEASE TAKE

☐         that the within is a true copy of a              entered in the office of the clerk of the within named Court
          on

☐         that a          of which the within is a true copy will be presented for settlement to the Hon. one of the
          judges of the within named Court at          , on at 9:30 a.m.

                                    PILLINGER MILLER TARALLO, LLP
                                    Attorneys for Plaintiffs Ten Seventy One Home Corp.
                                          and Morton G. Yuter
                                          570 Taxter Road, Suite 275
                                          Elmsford, New York 10523
                                          (914) 703-6300
CWY/tri                                   Our File No.  HC-00103.1/CWY
66228.wpd

STATE OF NEW YORK
INSURANCE DEPARTMENT
ONE COMMERCE PLAZA
ALBANY, NY 12257



Corporation Service Company
Liberty Mutual Fire Insurance Company
80 State Street
Albany, NY 12207-2543