UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TEN SEVENTY ONE HOME CORP.
and MORTON G. YUTER,

        Plaintiffs,

  -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, JOSH NEUSTEIN, LEONARD
W. HUTCHINGS, and JUDY HUTCHINGS.

        Defendants.
------------------------------------------------------------x

Civil Action No.
07 Civ. 11211 (DC)

**ANSWER**

**M A D A M S/S I R S:**

        Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, Jaffe & Asher LLP, as and for its Answer to the Verified Complaint, states as follows:

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

        1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of said complaint.

        2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of said complaint.

        3.    Denies each and every allegation contained in paragraph "3" of said complaint, and Liberty Mutual specifically avers that it is a stock insurance company organized pursuant to the laws of the State of Wisconsin and admits that its principal place of business is located at 175 Berkeley Street, Boston, Massachusetts.

4. Denies each and every allegation contained in paragraph "4" of said complaint, and Liberty Mutual specifically avers that it is a stock insurance company organized pursuant to the laws of the State of Wisconsin and admits that its principal place of business is located at 175 Berkeley Street, Boston, Massachusetts.

5. Admits the allegations contained in paragraph "5" of said complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of said complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of said complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of said complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of said complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of said complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of said complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of said complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of said complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of said complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of said complaint.

16. Denies each and every allegation contained in paragraph "16" of said complaint, and Liberty Mutual respectfully refers plaintiffs to the policy for the terms thereof.

17. Denies each and every allegation contained in paragraph "17" of said complaint, except that Liberty Mutual admits that it issued a LibertyGuard Deluxe Homeowners Policy to Josh Neustein, policy No. H32-221-376600-001, and Liberty Mutual specifically avers that Liberty Mutual Insurance Company issued a LibertyGuard Personal Catastrophe Liability Policy to Josh Neustein, policy No. LJ1-221-439406-001.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of said complaint.

19. Admits the allegations contained in paragraph "19" of said complaint.

20. Denies each and every allegation contained in paragraph "20" of said complaint.

21. Denies each and every allegation contained in paragraph "21" of said complaint.

22. Denies each and every allegation contained in paragraph "22" of said complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

23. Repeats and realleges the denials and admissions as they relate to paragraph "23" of said complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of said complaint.

25. Admits the allegations contained in paragraph "25" of said complaint.

26. Denies each and every allegation contained in paragraph "26" of said complaint.

27. Denies each and every allegation contained in paragraph "27" of said complaint.

28. Denies each and every allegation contained in paragraph "28" of said complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

29. Repeats and realleges the denials and admissions as they relate to paragraph "29" of said complaint.

30. Denies each and every allegation contained in paragraph "30" of said complaint.

31. Denies each and every allegation contained in paragraph "31" of said complaint.

32. Denies each and every allegation contained in paragraph "32" of said complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. The Verified Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Plaintiffs are not insureds or additional insureds on the policies at issue.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Plaintiffs' attempts to modify, amend, or otherwise change the terms and conditions of the policies at issue are barred by the statute of frauds and/or parol evidence rule.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Any recovery must be reduced to the extent plaintiffs failed to mitigate, minimize, or avoid any damage allegedly sustained arising out of the handling, defending, and/or settling of the underlying action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Plaintiffs' claims are barred in whole or in part by exclusions, limits of liability, endorsements, conditions, and definitions contained in the insurance policies.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. Plaintiffs' claims are or may be barred in whole or in part to the extent the attorneys' fees and other costs allegedly incurred in connection with the defense of the underlying action are unreasonable or unnecessary.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. Plaintiffs' claims for indemnification are or may be barred in whole or in part to the extent any settlement sum paid by or on plaintiffs' behalf is unreasonable.

**WHEREFORE**, defendant LIBERTY MUTUAL INSURANCE COMPANY demands judgment dismissing the Verified Complaint, and granting to said defendant the costs and disbursements of this action together with such other and further relief as which this Court deems just and proper.

Dated: New York, New York
January 7, 2008

Yours, etc.,

JAFFE & ASHER LLP

By: _____
Marshall T. Potashner, Esq. (MTP-3552)
Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

TO:  LAW OFFICES OF PILLINGER MILLER TARALLO, LLP
Attorneys for Plaintiffs
TEN SEVENTY ONE HOME CORP.
and MORTON G. YUTER
570 Taxter Road, Suite 275
Elmsford, New York 10523
(914) 703-6300