UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TEN SEVENTY ONE HOME CORP. and MORTON G. : Docket No.: 07 CV 11211
YUTER, : (DLC)

      Plaintiffs, :

 -against- :

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
JOSH NEUSTEIN, LEONARD W. HUTCHINGS, and :
JUDY HUTCHINGS,

      Defendants. :
------------------------------------------------------------ X
LIBERTY MUTUAL FIRE INSURANCE COMPANY, :

    Third-Party Plaintiff, :

 -against- :

GREENWICH INSURANCE COMPANY, :

    Third-Party Defendant. :
------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT GREENWICH INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Third-Party Defendant
GREENWICH INSURANCE COMPANY
150 East 42nd Street
New York, New York 10017
(212)490-3000
(212) 490-3038 (f)
File No.: 10097.00119

Of Counsel: Glenn J. Fuerth
      Ray Hughes

3144718.1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................i

PRELIMINARY STATEMENT...........................................................................................1

PROCEDURAL HISTORY..................................................................................................2

      The Underlying Action..............................................................................................2

      The Declaratory Judgment Action.............................................................................2

      The Third-Party Action..............................................................................................3

FACTUAL BACKGROUND...............................................................................................4

      Policy WGG 5001567................................................................................................4

      Policy WGG 5001564................................................................................................5

ARGUMENT........................................................................................................................8

      POINT I......................................................................................................................8

      POINT II.....................................................................................................................9

CONCLUSION..................................................................................................................14

3144718.1

# TABLE OF AUTHORITIES
*Cases*

*King v. Simpson*, 189 F.3d 284, 286 (2d Cir. 1999)..................................................................1

*Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir. 1999)............................................................1

*Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).................................1

*Switzer v. Merchants Mut. Cas. Co.*, 2 N.Y.2d 575, 141 N.E.2d 904 (1957)
(quoting *Kuhn v. Auto Cab Mut. Ind. Co.*, 244 App. Div. 272, 270 N.Y. 587).......................8

*Pa. Gen. Ins. Co. v. Kielon*, 112 A.D.2d 709, 492 N.Y.S.2d 502 (4th Dep't 1985)
(quoting *Novak v. All City Ins. Co.*, 43 NY2d 854)..............................................................8

*Davis v. Block & Smith, Inc.*, 297 N.Y. 20, 74 N.E.2d 220 (1947)...........................9 and 10

*New York Convention Ctr. Operating Corp. v. Morris Cerullo World
Evangelism, Inc.*, 269 A.D.2d 275, 704 N.Y.S.2d 211 (1st Dept. 2000).........9, 10 and 12

*ZKZ Assoc. LP v. CNA Ins. Co.*, 224 A.D.2d 174, 637 N.Y.S.2d 117
(1st Dep't 1996)....................................................................................9, 10, 11 and 12

*Royal Globe Ins. Co. v. Dinan*, 42 Misc. 2d 595, 248 N.Y.S.2d 469
(N.Y. Sup. Ct. 1964)....................................................................................9, 11 and 12

*De Forte v. Allstate Ins. Co.*, 81 A.D.2d 465, 442 N.Y.S.2d 307 (4th Dep't 1981).................13

*Federal Rules of Civil Procedure*

Rule 12(b)(6)........................................................................................................*passim*

3144718.1

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted, in addition to the Declaration of Glenn J. Fuerth, dated March 17, 2008,[1] in support of Third-Party Defendant, Greenwich Insurance Company's ("Greenwich") pre-answer motion to dismiss the Third-Party Complaint of the Third-Party Plaintiff, Liberty Mutual Fire Insurance Company ("Third-Party Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her or his complaint which would entitle her or him to relief. See *King v. Simpson*, 189 F.3d 284, 286 (2d Cir. 1999). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See *Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir. 1999). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. See *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

The case at bar involves an alleged breach of a written contract for insurance, the terms of which are clear and precise, and the content and validity of which are undisputed. Moreover, the written contracts at issue do not support the allegations made by Third-Party Plaintiff's against Greenwich. It is therefore within the Court's power to make a determination on this matter at this time, and dismiss the Third-Party Complaint as it fails to state a claim for which relief can be granted.

---

[1] All references to the Declaration of Glenn J. Fuerth, dated March 17, 2008, will be made as "(Fuerth Dec. at ¶ ___)."

3144718.1

## PROCEDURAL HISTORY

### The Underlying Action

On or about May 25, 2005, an underlying action was commenced, entitled *Leonard W. Hutchings and Judy Hutchings v. Morton G. Yuter, Josh Neustein, and Ten Seventy One Home Corp.*, bearing index number of 16037/05, venued in New York Supreme Court, Bronx County (the "underlying action").[2] The underlying action seeks damages for personal injuries allegedly sustained by Leonard W. Hutchings at 3001 Arlington Avenue, Bronx, New York ("3001 Arlington"). (Underlying Complaint ¶ 27). Upon information and belief, Mr. Hutchings was an employee of the New York City Department of Buildings, as was performing an inspection of 3001 Arlington as part of his employment when the incident occurred.

### The Declaratory Judgment Action

A declaratory judgment action was commenced, which is entitled *Ten Seventy One Home Corp and Morton G. Yuter v. Liberty Mutual Fire Insurance Company, Josh Neustein, Leonard W. Hutchings, and Judy Hutchings*, bearing action number of 07 Civ. 11211, venued in United States District Court, Southern District of New York (the "declaratory judgment action").[3] In the declaratory judgment action, Plaintiffs, Ten Seventy One Home Corp and Morton G. Yuter seek insurance coverage from Third-Party Plaintiff for defense and indemnification in the underlying action. (Declaratory Judgment Complaint ¶¶ 21, 26 and 32).

---

[2] A copy of the underlying Plaintiff's Summons and Verified Complaint, dated May 19, 2005, for the action entitled *Leonard W. Hutchings and Judy Hutchings v. Morton G. Yuter, Josh Neustein, and Ten Seventy One Home Corp.*, bearing index number of 16037/05, venued in New York Supreme Court, Bronx County, is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as Exhibit "A," all references to which will be made as "(Underlying Complaint ¶ ___)."

[3] A copy of Plaintiff's Summons and Verified Complaint, dated October 17, 2007, for the action entitled *Ten Seventy One Home Corp and Morton G. Yuter v. Liberty Mutual Fire Insurance Company, Josh Neustein, Leonard W. Hutchings, and Judy Hutchings*, bearing civil action number of 07 Civ. 11211, venued in United States District Court, Southern District of New York, is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as Exhibit "B," all references to which will be made as "(Declaratory Judgment Complaint ¶ ___)."

- 2 -

3144718.1

## The Third-Party Action

Third-Party Plaintiff commenced the third-party action (the "third-party action") against Greenwich.[4] The complaint in the third-party action alleges that Greenwich issued policy WGG 5001567 to Ten Seventy One Home Corp. and Josh Neustein with a policy period of February 12, 2002 to February 12, 2003. (Third-Party Complaint ¶ 8). Furthermore, the third-party action alleges that Greenwich has failed and refused to provide defense and indemnification to Ten Seventy One Home Corp. and Morton G. Yuter for the underlying action. (Third-Party Complaint ¶ 12). It further alleges that Third-Party Plaintiff issued a LibertyGuard Deluxe Homeowners Policy, number H32-221-376600-001 (the "Liberty policy"), to Josh Neustein. (Third-Party Complaint ¶ 14). In the third-party action, Third-Party Plaintiff seeks a declaration that Ten Seventy One Home Corp., Morton G. Yuter and Josh Neustein are insureds under policy WGG 5001567. (Third-Party Complaint ¶¶ 20 and 21). Further, Third-Party Plaintiff seeks a declaration that the policy issued by Greenwich is primary to the Liberty policy. (Third-Party Complaint ¶ 23). Third-Party Plaintiff also seeks reimbursement for expenses incurred in defense of the underlying action. (Third-Party Complaint ¶ 28).

---

[4] A copy of Third-Party Plaintiff, Liberty Mutual Fire Insurance Company's, Third-Party Complaint, dated January 7, 2008, is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as exhibit "C," all references to which will be made as "(Third-Party Complaint ¶ __)."

3144718.1

# FACTUAL BACKGROUND

## Policy WGG 5001567

As alleged in the Third-Party Complaint, Greenwich issued a commercial general liability insurance policy numbered WGG 5001567, with effective dates of February 15, 2002 to February 15, 2003 ("policy WGG 5001567").[5] On policy WGG 5001567, the named insured is listed as "Ten Seventy One Home Corp. & Josh Neustein" and the mailing address is listed as "3001 Arlington Ave., Bronx, NY 10463." Furthermore, policy WGG 5001567 states on an endorsement, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| | |
|---|---|
| **Premises:** | Per supplementary declarations page form GLSD (6/99) |
| **Project:** | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

---

[5] A copy of Greenwich policy WGG 5001567 is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as Exhibit "D."

- 4 -

Moreover, form GL SD (6/99) of policy WGG 5001567 provides as follows:

**Commercial General Liability**
**Supplemental Declarations Page**

Policy No:    WGG 500167

Location of all premises you own, rent or occupy:

| | Location Address: | Description/Occupancy | Class Code | Premium Basis | Remarks |
|---|---|---|---|---|---|
| 1 | 74-78 Post Ave. New York, NY 10034 | Apartments Bldg or Premises | 60022 61217 | 69 units 1,000 sq. ft. | |

| | Location Address: | Description/Occupancy | Class Code | Premium Basis | Remarks |
|---|---|---|---|---|---|
| 2 | 682 Academy Street New York, NY 10034 | Apartments | 60022 | 31 units | |

GL SD (6/99)                                               *Page 1 of 1*

Policy WGG 5001564

Greenwich also issued a commercial general liability insurance policy numbered WGG 5001564, with effective dates of February 15, 2002 to February 15, 2003 ("policy WGG 5001564" or collectively the "policies").[6] On policy WGG 5001564, the named insured is listed as "2486, LLC" and the mailing address is listed as "c/o 1071 Home Corp., 3001 Arlington

---

[6] A copy of Greenwich policy WGG 5001564 is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as Exhibit "E."

- 5 -

3144718.1

Ave., Bronx, NY 10463." Furthermore, policy WGG 5001564 states on an endorsement, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| | |
|---|---|
| **Premises:** | Per supplementary declarations page form GLSD (6/99) |
| **Project:** | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

Furthermore, form GL SD (6/99) of policy WGG 5001564 provides as follows:

**Commercial General Liability**
**Supplemental Declarations Page**

**Policy No:    WGG 500164**

Location of all premises you own, rent or occupy:

| | Location Address: | Description/Occupancy | Class Code | Premium Basis | Remarks |
|---|---|---|---|---|---|
| 1 | 2821 Briggs Ave. Bronx, NY 10458 | Apartments | 60022 | 32 units | |

| | Location Address: | Description/Occupancy | Class Code | Premium Basis | Remarks |
|---|---|---|---|---|---|
| 2 | 502 West 213th Street | Apartments | 60022 | 26 units | |

- 6 -

3144718.1

New York, NY 10034

| | Location Address: | Description/Occupancy | Class Code | Premium Basis | Remarks |
|---|---|---|---|---|---|
| 3 | 620 West 182nd St.<br>New York, NY 10033 | Apartments | 60022 | 16 units | |
| | Location Address: | Description/Occupancy | Class Code | Premium Basis | Remarks |
| 4 | 2486 Morris Ave.<br>Bronx, NY 10458 | Apartments | 60022 | 22 units | |

3144718.1

## ARGUMENT

### POINT I

**Greenwich Does Not Afford Coverage for 301 Arlington as an Endorsement Excludes Premises Not Listed in the Policies**

The rights and obligations of the parties are solely contractual arising out of the policies issued. See *Switzer v. Merchants Mut. Cas. Co.*, 2 N.Y.2d 575, 141 N.E.2d 904 (1957) (quoting *Kuhn v. Auto Cab Mut. Ind. Co.*, 244 App. Div. 272, 270 N.Y. 587). Therefore, Greenwich requests that this Court dismiss the Third-Party Complaint as the breach of contract alleged is clearly erroneous based on the language contained in the policies.

As indicated in the endorsements referenced above, the policies only apply to occurrences arising out of, "The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." Furthermore, the Schedules state, "Per supplementary declarations page form GLSD (6/99)," which in turn state, "Location of all premises you own, rent or occupy." However, the location of the incident alleged in the underlying action, 3001 Arlington, is not listed on those forms. Thus, 3001 Arlington is not a covered premises.

It is well settled that where an exclusionary clause is found to be unambiguous, it must be given its plain and ordinary meaning. See *Pa. Gen. Ins. Co. v. Kielon*, 112 A.D.2d 709, 492 N.Y.S.2d 502 (4th Dep't 1985) (quoting *Novak v. All City Ins. Co.*, 43 NY2d 854). Here, the exclusionary language contained in the endorsements for Limitation of Coverage to Designated Premises or Project is unambiguous. They state that the policies only apply to the listed premises. Furthermore, the Supplemental Declarations Pages clearly do not contain or reference 3001 Arlington as a premises owned, rented or occupied by the insureds. The policies must therefore be given their plain and ordinary meaning, and coverage should not apply for the claim

arising from 3001 Arlington, as it is not included in the endorsement. Accordingly, the Third-Party Complaint must be dismissed as a matter of law.

## POINT II

### 3001 Arlington Was Not Necessary or Incidental to the Premises Designated in the Schedule and Thus No Coverage Is Afforded by the Greenwich Policies

3001 Arlington is not "necessary or incidental" to those premises listed on the Supplemental Declarations Page. Irrespective of whether 3001 Arlington was used as the management office and operations office for the properties listed on the schedules of the policies, it is excluded from coverage based on the Limitation of Coverage to Designated Premises or Projects. The following case law and analysis clearly shows the flaw in any argument to the contrary.

*Davis v. Block & Smith, Inc.*, 297 N.Y. 20, 74 N.E.2d 220 (1947); *New York Convention Ctr. Operating Corp. v. Morris Cerullo World Evangelism, Inc.*, 269 A.D.2d 275, 704 N.Y.S.2d 211 (1st Dept. 2000); *ZKZ Assoc. LP v. CNA Ins. Co.*, 224 A.D.2d 174, 637 N.Y.S.2d 117 (1st Dep't 1996); and *Royal Globe Ins. Co. v. Dinan*, 42 Misc. 2d 595, 248 N.Y.S.2d 469 (N.Y. Sup. Ct. 1964) establish that the language in the policies regarding "operations necessary or incidental" to a premises, should not be construed to include the underlying claim, which occurred at a premises not expressly designated in the policies and not "necessary" or "incidental" to those covered premises expressly designated in the policies.

In *Davis*, the court held that a workmen's compensation insurance policy did not provide coverage for injury to a handyman employed by the company that was performing work at the president of an insured's home, which was not premises designated for coverage. *Davis*, 74 N.E.2d at 222. The insurance policy included the following language, "all operations necessary, incident or appurtenant thereto, or connected therewith." *Id.* In its decision, the court stated that "The employer here knew the classification of operations and the locations which it was seeking

- 9 -
3144718.1

to cover by compensation insurance." *Id.* at 221. The court further stated that "there is no evidence or claim that the work which claimant was performing at the Bayside home of the corporate president at the time of his injury had any relation to or connection with the operation of the buildings in Corona described in the policy." *Id.* at 223. Thus, the court did not provide coverage under the policy. *Id.* at 222.

Furthermore, in *New York Convention Ctr. Operating Corp.*, the court analyzed an insurance contract that contains almost identical language to the policies at issue. In this case, an underlying plaintiff commenced a personal injury lawsuit against a convention center, because she was allegedly injured due to a dangerous condition of the movable rugs/mats in the entranceway to the convention center. *New York Convention Ctr. Operating Corp.*, 269 A.D.2d at 276. The entranceway was not part of the space that the insured was licensed to use for its conference, but the entranceway was covered by the "right of passage to the Space through the entrance and lobby of the Center" granted to the insured from the premises owner. *Id.* Pursuant to the lease, the lessor obtained a commercial general liability insurance policy, which "coverage for 'bodily injury,' 'personal injury,' and 'medical expenses' (among other categories of damage) 'arising out of ... [the] use of the premises [referenced in the policy declarations] ... and operations necessary or incidental to those premises". *Id.* In its decision, the court stated that a person coming to attend the lessee's conference "had to go through the entranceway" to the convention center in order to reach the conference. *Id.* at 277. Thus, the court declared that the insurance policy covered the lessee for personal injuries suffered in the entranceway to the convention center including the alleged underlying loss. *Id.* This case clearly demonstrates the purpose of the clause at issue, which can provide coverage for an entranceway to a designated premises, although that entranceway may not be part of the designated premises.

Furthermore, *ZKZ Assoc. LP* involves an owner of premises, which included a garage, which was managed by another entity. The management company purchased an insurance

- 10 -

policy naming the owner as an additional insured "only for liability arising out of the ownership, maintenance and use of the described premises which is leased." *ZKZ Assoc. LP*, 224 A.D.2d 175. The policy in that case defined "garage operations" as "the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations" and further states that "[g]arage operations also include all operations necessary or incidental to a garage business." *Id.* After procurement of the policy, both owner and lessee were sued for an accident which allegedly occurred on part of the sidewalk used by vehicles in order to enter the garage. *Id.* at 176. In its decision, the court stated, "without traversing the sidewalk for access to and from the garage, there could be no use at all of the garage as a parking facility. Thus, the special use of the sidewalk for that purpose is an inextricable, indivisible part of the use of the garage and any liability arising from such use clearly comes within the additional insured's coverage." *Id.* Thus, *ZKZ Associates LP* further shows that the limits of application of policy language such as the clause at issue can provide coverage for an adjacent and necessary sidewalk, but not for a premises that is wholly separate and unnecessary.

Furthermore, in *ZKZ Assoc. LP*, the court stated, "While it is a well accepted principle that the duty to defend is broader than the duty to indemnify ( *Seaboard Sur. Co. v Gillette Co.*, *64 NY2d 304, 310)*, where it is clear that there is no factual or legal basis for indemnification under a policy, there is similarly no duty to defend and a court should, in such circumstances, so declare ( *Propis v Fireman's Fund Ins. Co., 112 AD2d 734, 736, affd 66 NY2d 828)*." *Id.* at 179. This language is particularly relevant to the Third-Party Complaint against Greenwich, which should be dismissed as the allegations made have no factual or legal basis.

In *Royal Globe Ins. Co.*, an underlying plaintiff, while a guest at a restaurant concession, sought to use the ladies room, but mistook the door on the far side of the room as leading to the toilets. *Royal Globe Ins. Co.*, 248 N.Y.S.2d at 470. In proceeding through that doorway, the guest allegedly fell due to a height discrepancy in the floors. *Id.* By endorsement, the owner

- 11 -
3144718.1

was designated as an additional insured "but only with respect to the ownership, maintenance or use of that part of the premises occupied by the named insured * * * and operations necessary or incidental thereto". *Id.* In its analysis, the court stated that "Incidental' means 'casual or accidental, beside the main design, occasionally' ( Curtis v. Leavitt, 15 N. Y. 9, 169). It 'also has the significance of matters collateral and accessory, directly pertinent to, or in some relation to' (Matter of Grade Crossings of N. Y. Cent. R. R. Co. [Buffalo], 271 App. Div. 266, 276, app. dsmd. 297 N. Y. 246). Its ordinary meaning is 'Of minor importance, occasional, casual, as incidental expenses' ( People ex rel. Cantwell v. Coler, 61 App. Div. 598, 599, affd. on opn. below 168 N. Y. 643)." *Id.* at 471. The court further stated that use of the toilet facilities was incidental to use of the concessionaire's premises, "and the fact that in attempting to make use of those facilities [the underlying plaintiff] mistakenly strayed beyond them, does not make her entry into the vestibule area any less incidental to the concessionaire's use of the premises." *Id.* As a result, the court declared that the insurer must provide coverage. *Id.* at 472. This case further shows the scope of such policy language includes a bathroom in an adjacent premises, but does not go so far as to provide coverage for a premises that is wholly separate and unnecessary.

In addition to the clear language of the policies, the foregoing cases illustrate that 3001 Arlington was not a covered premises, and the claim for which Third-Party Plaintiff seeks insurance coverage should not be afforded coverage by Greenwich. The precedent outlined above, *New New York Convention Ctr. Operating Corp.*, *ZKZ Assoc. LP*, and *Royal Globe Ins. Co.*, demonstrates that "operations necessary or incidental" include those that truly are necessary or incidental, such as a restroom on an adjacent premises, an entranceway that is not defined as part of the premises but must be utilized for access to the designated premises, or the driveway to a garage that cannot be accessed by other means. Moreover, these cases do not support Third-Party Plaintiff's contention that a wholly separate and distantly located, unnecessary premises should be covered by this policy language, as alleged in the Third-Party Complaint.

- 12 -

Even if 3001 Arlington was the insured's management office, coverage would not exist. The policies clearly require all premises to be listed on the Supplemental Declarations Page, which 3001 Arlington is not. Furthermore, the insured's could manage the designated premises from any location in the world, including the home of the insured's president. Under Third-Party Plaintiff's rational, the bounds of coverage for these policies would be limitless, as the operations necessary and incidental to the designated premises include the entire world economy, without which those premises would not be capable of being properly maintained or rented.

Moreover, a "contract of insurance is no different from any other and must be construed in a fair and reasonable manner having regard to the risk and subject matter and the purpose of the policy." *De Forte v. Allstate Ins. Co.*, 81 A.D.2d 465, 442 N.Y.S.2d 307 (4th Dep't 1981). In the instant policies, the explicitly listed premises also include information describing the type premises, class code and number of apartment units. This information is relevant to an insurer because it relates to the risk, subject matter and purpose of the policies. However, 3001 Arlington is not included on the list of covered premises, and information concerning the type of premises, class code and size of 3001 Arlington is not contained in the policies. This is further evidence of the fact that 3001 Arlington is not a covered premises, and thus coverage is not afforded 3001 Arlington for the underlying claim. Moreover, since coverage does not apply, Third-Party Plaintiff's allegations regarding the sequence of coverage and requesting reimbursement of expenses are moot. Accordingly, the Court should dismiss the Third-Party Complaint in its entirety.

- 13 -

3144718.1

## CONCLUSION

Based on the foregoing, Greenwich respectfully requests that this Court grant its motion, pursuant to Rule 12(b)(6), dismissing the Third-Party Complaint in its entirety with prejudice, and for such further relief as this Court deems just and proper.

Dated:  New York, New York
        March 17, 2008

                            Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By:  _____
                         GLENN J. FUERTH (GJF 5848)
                         Attorneys for Third-Party Defendant
                         GREENWICH INSURANCE
                         COMPANY
                         150 East 42nd Street
                         New York, New York 10017
                         (212)490-3000
                         (212) 490-3038 (f)
                         File No.: 10097.00119

To:     Marshall T. Potashner, Esq.
        Jaffe & Asher LLP
        Attorneys for Defendant/Third-Party Plaintiff
        Liberty Mutual Fire Insurance Company
        600 Third Avenue, 9th Floor
        New York, New York 10016
        (212) 687-3000

        C. William Yanuck, Esq.
        Pillinger Miller Tarallo, LLP
        Attorneys for Plaintiffs
        Ten Seventy One Home Corp. and Morton Yuter
        570 Taxter Road, Suite 275
        Elmsford, New York 10523
        (914) 703-6300
        (914) 703-6688 (f)