UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TEN SEVENTY ONE HOME CORP. and MORTON G.　:　**Docket No.: 07 CV 11211**
YUTER,　　　　　　　　　　　　　　　　　　　　**(DLC)**

:

Plaintiffs,

:

-against-

:

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
JOSH NEUSTEIN, LEONARD W. HUTCHINGS, and　:
JUDY HUTCHINGS,

:

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LIBERTY MUTUAL FIRE INSURANCE COMPANY,　:

Third-Party Plaintiff,　　:

-against-　　　　　　　　　　　:

GREENWICH INSURANCE COMPANY,　　　　:

Third-Party Defendant.　:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN REPLY TO THE OPPOSITION OF THIRD-PARTY PLAINTIFF LIBERTY MUTUAL FIRE INSURANCE COMPANY AND IN FURTHER SUPPORT OF THIRD-PARTY DEFENDANT GREENWICH INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)


Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Third-Party Defendant
GREENWICH INSURANCE COMPANY
150 East 42nd Street
New York, New York 10017
(212)490-3000
(212) 490-3038 (f)
File No.: 10097.00119

Of Counsel:　Glenn J. Fuerth
　　　　　　　Ray Hughes

3218107.1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………..…...…………....…ii

PRELIMINARY STATEMENT…………………………………………..…..……………...1

ARGUMENT.…………………………………………………………………..……………1

     POINT I.……….……………………………………………………………..………1

CONCLUSION.…………………………………………………………………………..…..5

3218107.1

# TABLE OF AUTHORITIES

*Cases*

*Sallie v. Tax Sale Investors, Inc.*, 149 Md. App. 141, 162, 814 A.2d 572, 584
(Md. Ct. Spec. App. 2002)………..………………………………………………………2

*Southeast Farms, Inc. v. Auto-Owners Ins. Co.*, 714 So. 2d 509, 512
(Fla. Ct. App. 5th Dist. 1998)…………………………………………………………....2

*Finish Line v. Dennis*, 636 So. 2d 944 (La. Ct. App. 1994)………………………………………2

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938)……………………………….........2

*Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 650 (2d Cir. 1994)…………………………...2

*Accessories Biz, Inc. v. Linda & Jay Keane, Inc.*, 533 F.Supp.2d 381 (S.D.N.Y. 2008)…………3

*Public Serv. Mut. Ins. Co. v. Jacobs*, 161 N.Y.S.2d 791 (N.Y. Sup. 1952)………………………4

*Essex Ins. Co. v. Pingley*, 41 A.D.3d 774, 776, 839 N.Y.S.2d 208, 209
(N.Y. App. Div. 2d Dep't 2007)…………………………………………………………....5

## *Federal Rules of Civil Procedure*

Rule 12(b)(6)…………………………………………………………………………....…1 and 5

3218107.1

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in reply to the Memorandum of Law in Opposition to Third-Party Defendant's Motion to Dismiss, dated April 18, 2008, submitted by Marshall T. Potashner of Jaffe & Asher LLP, attorneys for Third-Party Plaintiff Liberty Mutual Fire Insurance Company ("Liberty"),[1] and in further support of Third-Party Defendant Greenwich Insurance Company's ("Greenwich") pre-answer motion to dismiss the Third-Party Complaint of Liberty, [2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

## POINT I

### New York Law Mandates Dismissal of the Third-party Action

It is undisputed that Greenwich issued commercial general liability insurance policies numbered WGG 5001567 ("policy WGG 5001567")[3] and WGG 5001564 ("policy WGG 5001564" or collectively the "policies").[4]  In support of its motion, Greenwich provided documentary evidence and case law which conclusively establish the deficiencies of the Third-Party Complaint, which seeks coverage from Greenwich for an underlying action. (Third-Party Complaint ¶¶ 23 and 28).  The underlying action seeks damages for personal injuries allegedly sustained by Leonard W. Hutchings at 3001 Arlington Avenue, Bronx, New York ("3001

---

[1] All references to Liberty's Memorandum of Law in Opposition to Third-Party Defendant's Motion to Dismiss, dated April 18, 2008, submitted by Marshall T. Potashner of Jaffe & Asher LLP, will be made as "(Potashner Memorandum Page __)."

[2] A copy of Liberty's Third-Party Complaint, dated January 7, 2008, is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as exhibit "C," all references to which will be made as "(Third-Party Complaint ¶ __)."

[3] A copy of Greenwich policy WGG 5001567 is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as Exhibit "D."

[4] A copy of Greenwich policy WGG 5001564 is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as Exhibit "E."

Arlington"). (Underlying Complaint ¶ 27).[5]  However, 3001 Arlington is not a covered premises on the policies.

In a contrived attempt to oppose Greenwich's motion to dismiss, Liberty has gone far beyond the borders of New York for judicial precedent despite the existence of New York state court decisions and decisions within the Southern District of New York that mandate dismissal of the Third-Party Complaint.  Liberty's opposition relies on three cases: *Sallie v. Tax Sale Investors, Inc.*, 149 Md. App. 141, 162, 814 A.2d 572, 584 (Md. Ct. Spec. App. 2002); *Southeast Farms, Inc. v. Auto-Owners Ins. Co.*, 714 So. 2d 509, 512 (Fla. Ct. App. 5th Dist. 1998); and *Finish Line v. Dennis*, 636 So. 2d 944 (La. Ct. App. 1994).  (Potashner Memorandum Pages 11 through 18).  Not only are those cases factually distinguishable and thus immaterial to the case at bar, they should be disregarded as there is ample precedent in New York validating Greenwich's denial of coverage.

Where diversity of citizenship is the jurisdictional basis of a declaratory judgment action, the federal court will apply state law on substantive issues.  See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938); *Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 650 (2d Cir. 1994).  The Third-Party Complaint states, "[t]his Court has jurisdiction over this matter (1) pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceed[s] the sum of $75,000 exclusive of costs; and (2) pursuant to 28 U.S.C. § 1367."  (Third-Party Complaint ¶ 1).  Thus, jurisdiction for this lawsuit in the United States District Court for the Southern District of New York is based on diversity.

---

[5] A copy of the underlying Plaintiff's Summons and Verified Complaint, dated May 19, 2005, for the action entitled *Leonard W. Hutchings and Judy Hutchings v. Morton G. Yuter, Josh Neustein, and Ten Seventy One Home Corp.*, bearing index number of 16037/05, venued in New York Supreme Court, Bronx County, is annexed to the Declaration of Glenn J. Fuerth, dated March 17, 2008, as Exhibit "A," all references to which will be made as "(Underlying Complaint ¶ ___)."

3218107.1

We therefore ask that this Court to ignore all three cases cited by Liberty *supra*, which constitute the entirety of Liberty's substantive legal argument in opposition to Greenwich's motion.

This Court's decision in *Accessories Biz, Inc. v. Linda & Jay Keane, Inc.*, 533 F.Supp.2d 381 (S.D.N.Y. 2008) is dispositive of the case at bar. The court addressed an insurance policy with nearly identical language, which covered "property damage' and 'personal and advertising injury' arising out of: (1) 'the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." *Accessories Biz, Inc.*, 533 F.Supp.2d at 385. The designated premises on the insurance policy was listed as a Florida address, but the alleged incident occurred in a New York City showroom. *Id.* at 389. In its decision, the court stated, "[w]e find that the phrase 'operations necessary or incidental to those premises' is not broad enough to include business-related activity necessary or incidental to [the insured]'s business operations. The Designated Premises Endorsement is clearly a premises liability policy. Its purpose is to insure [the insured] against liability incident to its ownership, maintenance, or use of the listed premises and operations necessary or incidental to those premises." *Id.*

Furthermore, in *Accessories Biz, Inc.*, the court stated, "[u]nder plaintiff's theory, an insured with satellite offices could always claim that the operations conducted from those other non-designated offices were 'necessary or incidental to' the operations conducted from the home office. Limiting the coverage to designated premises significantly reduces the premium charged because the insurer's exposure is significantly reduced. Expanding the coverage to include business-related activity occurring off-premises would significantly increase the insurer's risk to cover an exposure which was not intended and for which it did not receive a premium." *Accessories Biz, Inc.*, 533 F.Supp.2d at 389. Thus, the court held that the insurer had no duty to defend or indemnify. *Id.* This case is nearly identical in its factual background and legal issues

-3-

to the action *sub judice*, and this Court should follow this clear precedent and dismiss the Third-Party Complaint.

Liberty has attempted to pick apart the language of Greenwich's arguments and case law, but has failed to provide any substantive case law contrary to Greenwich's position or supporting its own. Liberty argues that in *Public Serv. Mut. Ins. Co. v. Jacobs*, 161 N.Y.S.2d 791 (N.Y. Sup. 1952), the only New York court to consider the issue of operations "that are truly necessary or incidental," has rejected Greenwich's argument.    (Potashner Memorandum Page 12). However, the court has considered the issues contained in Greenwich's arguments many times, as outlined in Greenwich's moving papers, and has upheld Greenwich's denial of coverage. Moreover, in *Public Serv. Mut. Ins. Co.*, the contractual provision at issue provided insurance coverage for "the premises designated in the declarations including building and structures thereon and the ways immediately adjoining." *Public Serv. Mut. Ins. Co.*, 161 N.Y.S.2d at 793. Consequently, the court's decision revolved around the plaintiff's contention that the location of the accident "was not one of the 'ways immediately adjoining the premises." Accordingly, *Public Serv. Mut. Ins. Co.* is irrelevant to this action because such language is not at issue.

Recognizing that there is no substantive judicial support for its position, Liberty embarks upon a fanciful exercise in prognostication as it states in its opposition, "Greenwich should not be surprised that the operation of the scheduled rental apartment buildings was being run by Ten Seventy from the 3001 Arlington Avenue location." (Potashner Memorandum Page 7). Liberty further states that Greenwich "should have reasonably expected that its policies were covering risks at the 3001 Arlington Avenue location in connection with those operations." (Potashner Memorandum Page 8). Such an argument is illogical and clearly contrived and without judicial support. Rather than imposing an obligation upon Greenwich to gaze into a crystal ball to divine Liberty's intent, Liberty should simply have listed 3001 Arlington on the supplementary declarations page form GLSD (6/99).

-4-

In a further flawed attempt to oppose Greenwich's motion, Liberty has quoted *Essex Ins. Co. v. Pingley*, 41 A.D.3d 774, 776, 839 N.Y.S.2d 208, 209 (N.Y. App. Div. 2d Dep't 2007), which states that "an ambiguity in an exclusion must be construed most strongly against the insurer." (Potashner Memorandum Pages 9 and 10). Here, no ambiguity exists. The policies clearly state that they apply "only to 'bodily injury', 'property damage', 'personal and advertising injury' and medical expenses arising out of: 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises." Based on the clear and unambiguous language of the policies, and controlling New York judicial precedent, coverage simply does not apply for the accident alleged in the underlying action. This Court should therefore dismiss the Third-Party Complaint in its entirety.

## CONCLUSION

Based on the foregoing, Greenwich respectfully requests that this Court grant its motion, pursuant to Rule 12(b)(6), dismissing the Third-Party Complaint in its entirety with prejudice, and such further relief as this Court deems just and proper.

Dated:  New York, New York
       May 5, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:  _____
      GLENN J. FUERTH (GJF 5848)
      Attorneys for Third-Party Defendant
      GREENWICH INSURANCE
      COMPANY
      150 East 42nd Street
      New York, New York 10017
      (212)490-3000
      (212) 490-3038 (f)
      File No.: 10097.00119

-5-

To:    Marshall T. Potashner, Esq.
       Jaffe & Asher LLP
       Attorneys for Defendant/Third-Party Plaintiff
       Liberty Mutual Fire Insurance Company
       600 Third Avenue, 9th Floor
       New York, New York 10016
       (212) 687-3000

       C. William Yanuck, Esq.
       Pillinger Miller Tarallo, LLP
       Attorneys for Plaintiffs
       Ten Seventy One Home Corp. and Morton Yuter
       570 Taxter Road, Suite 275
       Elmsford, New York 10523
       (914) 703-6300
       (914) 703-6688 (f)

3218107.1