```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
TEN SEVENTY ONE HOME CORP. and MORTON    :
G. YUTER,                                :
                         Plaintiffs,     :
                                         :
          -v-                            :
                                         :
LIBERTY MUTUAL FIRE INSURANCE COMPANY,   :
JOSH NEUSTEIN, LEONARD W. HUTCHINGS,     :
and JUDY HUTCHINGS,                      :
                         Defendants.     :   07 Civ. 11211 (DLC)
                                         :
----------------------------------------X   OPINION & ORDER
                                         :
LIBERTY MUTUAL FIRE INSURANCE COMPANY,   :
          Third-Party Plaintiff,         :
                                         :
          -v-                            :
                                         :
GREENWICH INSURANCE COMPANY,             :
          Third-Party Defendant.         :
                                         :
----------------------------------------X
```

Appearances:

For Third-Party Plaintiff:
Marshall T. Potashner
Barak P. Cardenas
Jaffe & Asher LLP
600 Third Avenue, 9th Floor
New York, New York 10016

For Third-Party Defendant:
Glenn J. Fuerth
Ray Hughes
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, New York 10017

DENISE COTE, District Judge:

    This is an insurance case in which defendant/third-party plaintiff Liberty Mutual Insurance Company ("Liberty Mutual")

seeks a declaration that plaintiffs Ten Seventy One Home Corp. ("Ten Seventy One") and Morton G. Yuter are covered by insurance policies issued by third-party defendant Greenwich Insurance Company ("Greenwich"). The Greenwich policies do not list the premises at which the accident at issue here occurred, and as a result Greenwich has moved to dismiss Liberty Mutual's third-party complaint. Greenwich's motion is granted.

BACKGROUND

The following facts are drawn from the complaint and third-party complaint, as well as documents integral to the complaints, and are assumed to be true as they must be on a motion to dismiss. On June 14, 2002, defendant Leonard W. Hutchings,[1] an employee of the New York City Department of Buildings, was injured in an accident at 3001 Arlington Avenue in the Bronx, New York ("3001 Arlington"). Plaintiff Morton G. Yuter caused the accident by closing the 3001 Arlington's overhead garage door onto Hutchings' head, striking Hutchings on his head and neck, and causing serious, severe, and permanent injury. Plaintiff Ten Seventy One and defendant Josh Neustein own 3001 Arlington and use it as an office space from which they operate, administer, and maintain a number of rental properties throughout Manhattan and the Bronx.

---

[1] By Order dated March 4, 2008, this action was dismissed as to defendants Leonard W. Hutchings, Judy Hutchings, and Josh Neustein due to plaintiffs' failure to serve upon them the summons and complaint.

On or about May 25, 2005, Hutchings and his wife, defendant Judy Hutchings, filed suit in the New York Supreme Court, Bronx County, against Yuter, Neustein, and Ten Seventy One, seeking damages for personal injuries sustained in the accident (the "Underlying Action").  Liberty Mutual, with which Ten Seventy One held insurance policies, disclaimed coverage for Ten Seventy One and Yuter in connection with the Underlying Action.  Yuter and Ten Seventy One, in turn, filed suit in New York Supreme Court, Bronx County, seeking coverage from Liberty Mutual for defense and indemnification in the Underlying Action.  By Notice filed December 13, 2007, Liberty Mutual removed the action to this Court.

Liberty Mutual then commenced the instant third-party action against Greenwich, filing its complaint on January 9, 2008.  The complaint alleges that Greenwich is obligated to provide defense and indemnification to Ten Seventy One and Neustein pursuant to two separate insurance policies.  Both of the policies provide coverage for the date on which the accident occurred, but neither of them lists 3001 Arlington as an insured premises.

The first of these policies is a commercial general liability insurance policy numbered WGG 5001567 (the "567 Policy"), with effective dates from February 15, 2002 through February 15, 2003.  Under the heading "Limitation of Coverage to

3

Designated Premises or Project," the 567 Policy contains an exclusion that, in pertinent part, provides coverage for "bodily injury, property damage, personal and advertising injury and medical expenses arising out of . . . [t]he ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises . . . ." The Schedule lists apartment buildings located at 74-78 Post Avenue and 682 Academy Street, both in New York, New York.

The second policy is numbered WGG 5001564 (the "564 Policy"), and was also effective from February 15, 2002 through February 15, 2003. The named insured on the 564 Policy is 2486, LLC. Neustein and Ten Seventy One are listed as additional named insureds. Like the 567 Policy, the 564 Policy includes an endorsement entitled, "Limitation of Coverage to Designated Premises or Project." Under that heading, the 564 Policy contains an exclusion identical to the one in the 567 Policy, providing coverage for "bodily injury, property damage, personal and advertising injury and medical expenses arising out of . . . [t]he ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises . . . ." The Schedule lists apartment buildings located at 2821 Bridges Avenue and 2486 Morris Avenue in the Bronx, and at 502 West 213th Street and 620 West 182nd Street in Manhattan.

By their terms, both policies also provide coverage for accidents occurring throughout the United States and in some international territories. Each policy indicates that it "applies to bodily injury and property damage . . . caused by an occurrence that takes place in the coverage territory." "Coverage territory" is defined broadly as the United States, international waters or airspace, and, under limited circumstances, "[a]ll parts of the world."

In this third-party action, Liberty Mutual seeks a declaration that Ten Seventy One, Yuter, and Neustein are insureds under one of those policies, and that the Greenwich policy is the primary policy for the accident which injured Hutchings. Liberty Mutual also seeks reimbursement for expenses incurred in connection with the Underlying Action. Greenwich has moved to dismiss, contending that Liberty Mutual has failed to state a claim upon which relief can be granted because the policies issued by Greenwich do not provide coverage for the 3001 Arlington Avenue address.

DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). At the same

5

time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).  A court must apply a "flexible plausibility standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (citation omitted).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  In deciding the motion, a court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citation omitted).

This dispute turns on the interpretation of certain provisions in the insurance policies, which are to be construed according to general principles of contract law.[2]  "When a

---

[2] All parties have relied on New York law to defend their claims in this diversity action.  The parties having consented to the application of forum law, that consent is sufficient to end the choice of law inquiry. 3Com Corp. v. Banco do Brasil, S.A., 171 F.3d 739, 743 (2d Cir. 1999).

6

dispute arises involving the terms of an insurance contract, New York insurance law provides that an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." Parks Real Estate Purchasing Group v. St. Paul Fire and Marine Ins., 472 F.3d 33, 42 (2d Cir. 2006) (citation omitted).  "Under New York law, the meaning of a contract that is unambiguous is a question of law for the court to decide." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir. 2000).  In interpreting a contract under New York law, "words and phrases . . . should be given their plain meaning," and the contract "should be construed so as to give full meaning and effect to all of its provisions." Shaw Group, Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 121 (2d Cir. 2003) (citation omitted).  The New York Court of Appeals has described the "fundamentals" of construing insurance policies as follows:

> We read an insurance policy in light of common speech and the reasonable expectations of a businessperson. As we have repeatedly held, an insurer has a duty to defend if the allegations state a cause of action that gives rise to the reasonable possibility of recovery under the policy.  Moreover, to negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case. It follows that policy exclusions are given a strict and narrow construction, with any ambiguity resolved against the insurer.

Belt Painting Corp. v. TIG Ins. Co., 100 N.Y.2d 377, 383 (2003) (citation omitted).

The parties agree that 3001 Arlington, the site of the accident, is not listed in the schedules of insured properties accompanying the 567 or 564 Policies. Consequently, their dispute turns on whether 3001 Arlington Avenue is otherwise covered by the policies; specifically, the parties focus on whether 3001 Arlington was used for "operations necessary or incidental to those premises" listed in the schedules. New York case law makes clear that the phrase "operations necessary or incidental to those premises" cannot be construed so broadly as to encompass 3001 Arlington. Liberty Mutual's third-party complaint must therefore be dismissed.

In support of their motion, Greenwich cites several New York cases interpreting clauses nearly identical to the one at issue here. Those cases make clear that the phrase "operations necessary or incidental to those premises" carries principally a spatial meaning, extending the premises listed in the schedules accompanying the insurance policy to certain non-scheduled, appurtenant spaces "necessary or incidental" to the enjoyment or use of the insured premises. For example, in New York Convention Center Operating Corp. et al. v. Morris Cerullo World Evangelism, 269 A.D.2d 275 (N.Y. App. Div. 1st Dep't 2000), the Supreme Court, Appellate Division, construed the precise phrase

8

at issue to provide insurance coverage not only for the convention center explicitly named in the policy, but also the entranceway to the conference center, which attendees had to traverse in order to reach the conference. The court interpreted the phrase "to include not only the premises specifically identified as covered, but also other space whose use was incidental to the use of the expressly covered premises." Id. at 276; see also ZKZ Assocs. V. CNA Ins. Co., 224 A.D.2d 174, 176 (N.Y. App. Div. 1st Dep't 1996). Where the non-scheduled premises is not located in the vicinity of the scheduled premises, the New York Court of Appeals has required a "claim that the work which claimant was performing at [the non-scheduled premises] had a[] relation to or connection with the operation of the buildings . . . described in the policy." Davis v. Block & Smith, Inc., 74 N.E.2d 220, 223 (N.Y. 1947); accord Accessories Biz, Inc. v. Linda and Jay Keane, Inc., 533 F. Supp. 2d 381, 389 (S.D.N.Y. 2008).

Liberty Mutual's third-party complaint only scantily alleges that Yuter's presence at 3001 Arlington when the accident occurred "had any relation or connection with the operation" of any premises scheduled in either Greenwich insurance policy. The complaint avers only that "if [Yuter] is an employee of Ten Seventy" -- a fact which is nowhere alleged in the complaint -- he would be "an insured of Ten Seventy for

9

acts within the scope of his employment with Ten Seventy or while performing duties related to the conduct of Ten Seventy's business under the terms of the Greenwich Policy." This bare recitation of hypothetical facts is an insufficient basis on which to lay a claim that Yuter's presence at 3001 Arlington at the time of the accident "had any relation or connection with the operation" of the scheduled premises. Indeed, other than the fact that 3001 Arlington is the business address for the management company operating the premises listed in the Greenwich insurance policies, Liberty Mutual has provided no basis on which to extend the Greenwich policies to encompass 3001 Arlington.

Liberty Mutual has cited no New York case law that would permit an interpretation of "operations necessary or incidental to those premises" that would extend insurance coverage to 3001 Arlington, which is not listed on the schedule of insured premises, is nowhere in the vicinity of the insured premises, and whose only relationship with the insured premises is business-related in nature. In its opposition to Greenwich's motion to dismiss, Liberty Mutual relies on a handful of cases from the intermediate appellate courts in states other than New York to support this argument, but those cases have no bearing on the interpretation of insurance policies under New York law,

10

and they are otherwise unavailing in light of the precedent offered by Greenwich.

Liberty Mutual raises two further arguments in opposition to Greenwich's motion to dismiss. First, Liberty Mutual contends that because the insurance policies were mailed and issued to Ten Seventy One at its 3001 Arlington address, "Greenwich should have reasonably expected that the maintenance of the administrative offices for the apartments was conducted at the 3001 Arlington Avenue address." This argument essentially seeks to reform the insurance policies to include 3001 Arlington, and to hold Greenwich liable for insuring a premises not contemplated in its agreement with Ten Seventy One. If Ten Seventy One or Greenwich intended 3001 Arlington to be covered by these policies, they would have listed the property on the schedules. The fact that Ten Seventy One receives its business-related mail at 3001 Arlington does not render that address "necessary or incidental" to the premises listed in the Greenwich policies.

Second, Liberty Mutual contends that the broad definition of "coverage territory" in the insurance policies "clearly contemplates coverage for bodily injury that occurs anywhere in the United States." Liberty Mutual cannot mean to suggest that the broad definition of "coverage territory" renders the insurance policies applicable "anywhere in the United States."

Rather, the policies apply to any scheduled premises or "operations necessary or incidental to those premises," no matter where in the United States such premises exist. But, as has been previously discussed, 3001 Arlington is neither a scheduled premises nor a premises "necessary or incidental" to a scheduled premises.

CONCLUSION

Greenwich's March 17 motion to dismiss Liberty Mutual's third-party complaint is granted.

SO ORDERED:

Dated:   New York, New York
         June 18, 2008

                                    _____
                                         DENISE COTE
                                    United States District Judge

12